UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JAKE LEE PRESLEY,

Plaintiff,

v.                                                    CAUSE NO. 3:23-CV-98-JD-MGG

JOHN GALIPEACE, et al.,

Defendants.

OPINION AND ORDER

Jake Lee Presley, a prisoner without a lawyer, filed a complaint. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Presley alleges that, on October 26, 2021, he was taking a shower when the water temperature suddenly became too hot. He suffered burns from the hot water. He was taken to Mr. Sonnenberg's office and then to the medical department, where he received treatment for his injuries. The maintenance staff corrected the problem shortly after it was reported. Presley notes that the facility is in disrepair generally, and that scald valves could have prevented his injury.

The Eighth Amendment prohibits conditions of confinement that deny inmates "the minimal civilized measure of life's necessities." *Townsend v. Fuchs*, 522 F.3d 765, 773 (7th Cir. 2008) (citations omitted). To state a claim under the Eighth Amendment, the prisoner must show both that the deprivation was sufficiently serious and that the defendant acted with deliberate indifference to the inmate's health or safety. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

Here, extremely hot water was not an ongoing problem, and it was corrected promptly. The factual allegations of the complaint do not permit a plausible inference that Mr. Sonnenberg was deliberately indifferent to Presley's safety. The facts, at most, suggest negligence, but negligence generally states no claim upon which relief can be granted in a § 1983 action. *McNeil v. Lane*, 16 F.3d 123, 124 (7th Cir. 1994) ("Obduracy and wantonness rather than inadvertence or mere negligence characterize conduct prohibited by the Eighth Amendment."). Accordingly, Presley may not proceed against Mr. Sonnenberg.

Presley has also sued Warden John Galipeau and IDOC Commissioner Mrs. Regal. There is, however, no general respondeat superior liability under 42 U.S.C. § 1983. *Burks v. Raemisch*, 555 F.3d 592, 594 (7th Cir. 2009). "[P]ublic employees are responsible for their own misdeeds but not for anyone else's." *Id*. at 596. The amended complaint does not allege that either Warden Galipeau or IDOC Commissioner Mrs. Regal was personally involved in the incident that Presley describes in his complaint. Therefore, Presley cannot proceed against the Warden or IDOC Commissioner.

This complaint does not state a claim for which relief can be granted. If he believes he can state a claim based on (and consistent with) the events described in this complaint, Presley may file an amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from his law library. He needs to write the word "Amended" on the first page above the title "Prisoner Complaint" and send it to the court after he properly completes the form.

For these reasons, the court:

(1) GRANTS Jake Lee Presley until **October 25, 2023**, to file an amended complaint; and

(2) CAUTIONS Jake Lee Presley if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED on October 5, 2023

/s/JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT