UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JAKE LEE PRESLEY,<br><br>Plaintiff,<br><br>v.<br><br>JOHN GALIPEAU, et al.,<br><br>Defendants. | CAUSE NO. 3:23-CV-98-JD-MGG |

OPINION AND ORDER

Jake Lee Presley, a prisoner without a lawyer, filed a complaint that did not state a claim. ECF 1; ECF 20. He was granted until October 25, 2023, to file an amended complaint and cautioned that, if he did not respond by the deadline, this case would be dismissed without further notice. The deadline passed, Presley did not respond, and the case was dismissed under 28 U.S.C. § 1915A because the complaint did not state a claim for which relief can be granted.

Presley wrote a letter indicating that mail he sent on October 23, 2023, before the deadline to amend, had been returned to him undelivered. ECF 23. He included a copy of the document he attempted to mail to the court. *Id.* Both the document he attempted to mail on October 23, 2023, and the subsequent letter requested additional time to amend his complaint. *Id.*

Presley also filed a motion to amend his complaint. ECF 24. Because Presley's motion to amend was filed within 28 days of the judgment, it will be construed as a motion to set aside the judgment pursuant to Federal Rule of Civil Procedure 59(e).

"Altering or amending a judgment under Rule 59(e) is permissible when there is newly discovered evidence or there has been a manifest error of law or fact." *Harrington v. City of Chicago*, 433 F.3d 542, 546 (7th Cir. 2006). "But such motions are not appropriately used to advance arguments or theories that could and should have been made before the district court rendered a judgment, or to present evidence that was available earlier." *Miller v. Safeco Ins. Co. of Am.*, 683 F.3d 805, 813 (7th Cir. 2012) (internal quotation marks and citation omitted).

In his original complaint, Presley alleged that, on October 26, 2021, he was taking a shower when the water temperature suddenly became too hot. He suffered burns from the hot water. He was taken to Mr. Sonnenberg's office and then to the medical department, where he received treatment for his injuries. The maintenance staff corrected the problem shortly after it was reported. Presley noted that the facility is in disrepair generally, and that scald valves could have prevented his injury. The court found that, because extremely hot water was not an ongoing problem and the problem was corrected promptly, Presley's complaint did not permit a plausible inference that Mr. Sonnenberg was deliberately indifferent to Presley's safety. The court further found that Presley could not proceed against Warden John Galipeau or Indiana Department of Correction ("IDOC") Commissioner Mrs. Regal because Presley did not allege they were personally involved in the incident and there is no general respondeat superior liability under 42 U.S.C. § 1983. *See Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009) ("[P]ublic employees are responsible for their own misdeeds but not for anyone else's.").

In his motion to amend, Presley notes that he had to shower and there was only the one shower working at the time. He notes that his injuries were significant. He further notes that Warden Galipeau and Mr. Sonnenberg do weekly safety walkthroughs and were aware of the general state of disrepair. He does not allege, nor can it be inferred, that they were aware of scalding hot water or the absence of scald valves based solely upon "walkthroughs" and a "general state of disrepair." Presley notes that he was wronged, and someone should be responsible. He believes Warden Galipeau, Mr. Sonnenberg, and Mrs. Regal should be responsible because they are in charge, and they decided to fix the broken shower after Presley was injured.

The court is sympathetic to Presley's view of things, but not all injuries are compensable. Negligence generally states no claim upon which relief can be granted in a § 1983 action. *McNeil v. Lane*, 16 F.3d 123, 124 (7th Cir. 1994) ("Obduracy and wantonness rather than inadvertence or mere negligence characterize conduct prohibited by the Eighth Amendment."). There is no indication that the weekly safety walk-throughs put Warden Galipeau or Mr. Sonnenberg on notice of any issue with scalding hot water. That they were aware of other problems did not cause Presley's injuries. The court has already explained that those who are in charge cannot be held liable solely because they are in charge. Therefore, Presley's proposed amendments would not alter the result of this case as to Warden Galipeau, Mr. Sonnenberg, or Mrs. Regal.

Presley also suggests that the IDOC should be held liable for not maintaining safe and healthy living conditions resulting in his injury. But, State agencies such as the

3

IDOC are immune from suit pursuant to the Eleventh Amendment. *Wynn v. Southward*, 251 F.3d 588, 592 (7th Cir. 2001). There are exceptions to the Eleventh Amendment immunity, *see MCI Telecommunications Corp. v. Ill. Commerce Comm'n*, 183 F.3d 558, 563 (7th Cir. 1999), but none of them apply here. Thus, he cannot proceed against the IDOC.

Because there is no newly discovered evidence and there has not been a manifest error of law or fact, the judgment will not be set aside.

For these reasons, the Motion for Leave to Amend Complaint construed as a motion pursuant to Federal Rule of Civil Procedure 59 (ECF 24) is DENIED.

SO ORDERED on November 30, 2023

/s/JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT